UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMMA ROY BREEDING,

    Plaintiff,

v.

JACKLYN JACKSON, et al.,

    Defendants.

_____/

Hon. Richard Alan Enslen

Case No. 4:05 CV 42

### REPORT AND RECOMMENDATION

This matter is before the Court on Defendants Nancy Lange's and Dr. Douglas Parkhurst's Rule 12(b)(6) Motion to Dismiss, (dkt. #19), and Plaintiff's Petition for Addendum, (dkt. #22). Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court recommends that Defendants' motion be **granted**, Plaintiff's motion **denied**, and Plaintiff's action **dismissed**.

### BACKGROUND

Plaintiff alleges that he suffers from severe knee impairments which have deteriorated over time. (Dkt. #1 at ¶¶ 1-8). Plaintiff alleges that in March 2003, a rheumatologist informed him that he required knee replacement surgery. *Id.* at ¶¶ 5-9. According to Plaintiff this diagnosis was confirmed by an orthopedic surgeon on December 30, 2003. *Id.* at ¶ 33. On or about March 30, 2004, Plaintiff underwent surgery to replace his right knee. *Id.* at ¶¶ 38-42.

Plaintiff initiated the present action on April 11, 2005, alleging that Defendants improperly delayed this surgery in violation of rights under the Eighth Amendment. Plaintiff initiated

this action against six specific individuals, as well as an unidentified number of unknown persons. Plaintiff has effected service on only two individuals, Defendants Lange and Parkhurst, who bring the present motion to dismiss. Plaintiff has also advanced a motion for leave to amend his complaint. As discussed below, the Court concludes that Defendants' motion to dismiss should be granted and Plaintiff's motion to amend denied.

## ANALYSIS

**I.       Plaintiff has Failed to State a Claim as to Defendants Lange and Parkhurst**

The only allegations which Plaintiff asserts against Defendants Lange and Parkhurst is that they denied a grievance he filed regarding the allegations advanced in his complaint. Such allegations, however, do not merit relief.

Liability in a § 1983 action cannot be premised upon passive behavior or an alleged failure to act, rather liability must be based upon active unconstitutional behavior. *See Salehpour v. University of Tennessee*, 159 F.3d 199, 206-07 (6th Cir. 1998), *cert. denied*, 526 U.S. 1115 (1999). Accordingly, liability in a § 1983 action does not attach based upon allegations that a defendant simply denied a prisoner's grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Lee v. Michigan Parole Board*, 2004 WL 1532563 at *2 (6th Cir., June 23, 2004) ("[s]ection 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act upon information contained in a grievance"); *Alder v. Correctional Medical Services*, 2003 WL 22025373 at *2 (6th Cir., Aug. 27, 2003) ("[t]he mere denial of a prisoner's grievance states no claim of constitutional dimension").

Because Plaintiff has failed to allege facts against Defendants Lange and Parkhurst which if proven would entitled him to relief, the Court recommends that Defendants' motion to dismiss be granted.

**II.      Plaintiff has Failed to Properly Exhaust the Claims in his Complaint**

Even if Plaintiff had alleged facts against Defendants Lange and Parkhurst which if proven would entitle him to relief, the present action must be dismissed because Plaintiff has failed to properly exhaust the claims in his complaint.

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). The exhaustion requirement is mandatory and applies to all actions "brought with respect to prison conditions," regardless of the wrong alleged or the type of relief sought. *Id.* The district court is obligated to sua sponte enforce the exhaustion requirement. *See Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998).

To satisfy the exhaustion requirement, the prisoner must allege and demonstrate that he has exhausted all available administrative remedies. Accordingly, the prisoner should attach to his § 1983 complaint the administrative decision resolving his complaint, if such decision is available. *Id.* In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been properly exhausted. *See Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).

The prisoner must also specifically identify in his grievance the particular defendant(s) against whom his action is asserted, thus enabling the prison system to address the matter in the first

instance. *See Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *VanDiver v. Martin*, 2002 WL 31166925 at *2 (6th Cir., Sep. 27, 2002) ("the issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific individuals mentioned in his grievance"). The Sixth Circuit later clarified this concept, holding that "for a court to find that a prisoner has administratively exhausted a claim against a particular defendant, a prisoner must have alleged mistreatment or misconduct on the part of the defendant at Step I of the grievance process." *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003).

Furthermore, the Sixth Circuit recently held that the Prison Litigation Reform Act mandates "total exhaustion." *Jones-Bey v. Johnson*, 407 F.3d 801, 806 (6th Cir. 2005). Thus, when a prisoner files a "mixed" complaint, alleging both exhausted and unexhausted claims, the entire action must be dismissed if the prisoner has failed to exhaust all available administrative remedies as to *any* of the claims in the complaint. *Id.* at 805-09.

Plaintiff has included with his complaint copies of three grievances he filed in this matter. An examination of this material reveals that Plaintiff has failed to properly exhaust the claims asserted in his complaint.

### A. Grievance LCF 2003-05-0366-12D3

While Plaintiff appears to have pursued this particular grievance through Step III of the grievance process, Plaintiff has failed to submit a copy of his Step I grievance. The only Defendants identified in Plaintiff's Step II and Step III grievance are Defendants Jackson and Olney. Plaintiff's complaint contains no assertions which indicate or suggest that his Step I grievance was asserted against any other individuals.

### B. Unidentified Grievance #1

Plaintiff filed this grievance on October 12, 2004, against Dr. Mishra, Officer Bradford, and CMS. None of these individuals or entities are defendants in this matter. Furthermore, Plaintiff has failed to submit evidence that he pursued this grievance through Step III of the grievance process.

### C. Unidentified Grievance #2

Plaintiff filed this grievance on May 8, 2003, against Dr. Arora (a non-defendant), an unidentified orthopedic surgeon, and Defendant Lange. Plaintiff's Step II grievance only identifies Dr. Arora and Defendant Olney. Plaintiff has submitted no evidence that he pursued this grievance through Step III of the grievance process.

In sum, Plaintiff has failed to establish that he exhausted all available administrative remedies as to the claims asserted in his complaint. Accordingly, the Court recommends that Defendants' motion to dismiss be granted and Plaintiff's action dismissed.

## III. Plaintiff's Motion to Amend

Plaintiff's Petition for Addendum is actually a motion to amend his complaint, as Plaintiff seeks to add additional claims against new defendants, the Michigan Department of Corrections (MDOC) and Correctional Medical Services (CMS). Plaintiff has failed to establish that he has properly exhausted his claims against the MDOC or CMS. Moreover, as discussed above Plaintiff's entire complaint must be dismissed for his failure to exhaust administrative remedies as to all the claims asserted therein. It would, therefore, be futile to permit Plaintiff to amend his complaint. Accordingly, the Court recommends that Plaintiff's motion to amend his complaint be denied as futile. *See Chaz*

*Construction, LLC v. Codell*, 137 Fed. Appx. 735, 739 (6th Cir., May 11, 2005) ("[f]utility is an appropriate basis for denying a motion to amend").

## **CONCLUSION**

For the reasons articulated herein, the Court recommends that Defendants Nancy Lange's and Dr. Douglas Parkhurst's Rule 12(b)(6) Motion to Dismiss, (dkt. #19), be **granted**, Plaintiff's Petition for Addendum, (dkt. #22), be **denied**, and Plaintiff's action **dismissed**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  November 14, 2005                                    /s/ Ellen S. Carmody
                                                            ELLEN S. CARMODY
                                                            United States Magistrate Judge