UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMMA ROY BREEDING,

       Plaintiff,                                  Hon. Richard Alan Enslen

v.                                                  Case No. 4:05 CV 42

JACKLYN JACKSON, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendants Nancy Lange's and Dr. Douglas Parkhurst's Rule 12(b)(6) Motion to Dismiss</u>, (dkt. #19), and Plaintiff's <u>Petition for Addendum</u>, (dkt. #22). Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court recommends that Defendants' motion be **granted**, Plaintiff's motion **denied**, and Plaintiff's action **dismissed**.

## BACKGROUND

Plaintiff alleges that he suffers from severe knee impairments which have deteriorated over time. (Dkt. #1 at ¶¶ 1-8). Plaintiff alleges that in March 2003, a rheumatologist informed him that he required knee replacement surgery. *Id.* at ¶¶ 5-9. According to Plaintiff this diagnosis was confirmed by an orthopedic surgeon on December 30, 2003. *Id.* at ¶ 33. On or about March 30, 2004, Plaintiff underwent surgery to replace his right knee. *Id.* at ¶¶ 38-42.

Plaintiff initiated the present action on April 11, 2005, alleging that Defendants improperly delayed this surgery in violation of rights under the Eighth Amendment. Plaintiff initiated

this action against six specific individuals, as well as an unidentified number of unknown persons. Plaintiff has effected service on only two individuals, Defendants Lange and Parkhurst, who bring the present motion to dismiss. Plaintiff has also advanced a motion for leave to amend his complaint.

On November 14, 2005, the undersigned issued a Report and Recommendation in which it was recommended that Defendants' motion to dismiss be granted and Plaintiff's petition for addendum be denied. (Dkt. #23). Specifically, the Court concluded that Plaintiff had (a) failed to state a claim upon which relief could be granted as to Defendants Lange and Parkhurst and (b) failed to properly exhaust any of the claims asserted in his complaint. The Court further concluded that granting Plaintiff's petition for addendum (properly characterized as a motion to amend) would be futile because he had failed to properly exhaust the additional claims he wished to assert. *Id.*

On November 18, 2005, Plaintiff belatedly submitted a response to Defendants' motion to dismiss (which was filed on August 3, 2005). (Dkt. #24). On December 20, 2005, the Honorable Richard Alan Enslen, noting that Plaintiff's complaint has not been properly served on several Defendants, vacated the Report and Recommendation for a determination of whether Plaintiff's claims against such unserved Defendants should be dismissed for failure to properly effect service. (Dkt. #25). As discussed below, the Court concludes that Defendants' motion to dismiss should be granted and Plaintiff's motion to amend denied.

## ANALYSIS

**I.**     **Plaintiff has Failed to Properly Exhaust the Claims in his Complaint**

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter*

*v. Nussle*, 534 U.S. 516, 524 (2002). The exhaustion requirement is mandatory and applies to all actions "brought with respect to prison conditions," regardless of the wrong alleged or the type of relief sought. *Id.* The district court is obligated to sua sponte enforce the exhaustion requirement. *See Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998).

To satisfy the exhaustion requirement, the prisoner must allege and demonstrate that he has exhausted all available administrative remedies. Accordingly, the prisoner should attach to his § 1983 complaint the administrative decision resolving his complaint, if such decision is available. *Id.* In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been properly exhausted. *See Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).

The prisoner must also specifically identify in his grievance the particular defendant(s) against whom his action is asserted, thus enabling the prison system to address the matter in the first instance. *See Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *VanDiver v. Martin*, 2002 WL 31166925 at *2 (6th Cir., Sep. 27, 2002) ("the issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific individuals mentioned in his grievance"). The Sixth Circuit later clarified this concept, holding that "for a court to find that a prisoner has administratively exhausted a claim against a particular defendant, a prisoner must have alleged mistreatment or misconduct on the part of the defendant at Step I of the grievance process." *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003).

Plaintiff has submitted copies of three grievances he filed in this matter. An examination of this material reveals that Plaintiff has failed to properly exhaust the claims asserted in his complaint.

    A.  Grievance LCF 2003-05-0366-12D3

Plaintiff initiated this Step I grievance against Dr. Arora (a non-defendant) and Defendant Lange. (Dkt. #24, Exhibit 2). In his Step II grievance, Plaintiff asserted no claim against Defendant Lange, but instead asserted claims against Dr. Arora and Defendants Jackson and Olney. (Dkt. #24, Exhibit 4). In his Step III grievance, Plaintiff asserted claims against Defendant Jackson and Dr. Arora. (Dkt. #24, Exhibit 5).

The only person identified in all three grievances is Dr. Arora who is not a defendant in this matter. While Plaintiff identified Defendant Lange in his Step I grievance, he failed to assert his grievance against her through Step III of the grievance process. While Plaintiff identified Defendant Olney in his Step II grievance and Defendant Jackson in his Step II and III grievances, he failed to identify them in his Step I grievance as required by controlling Sixth Circuit authority. In sum, this particular grievance asserts no claim against any Defendant which has been properly exhausted.

    B.  Unidentified Grievance #1

Plaintiff filed this grievance on October 12, 2004, against Dr. Mishra, Officer Bradford, and CMS. (Dkt. #1). None of these individuals or entities are defendants in this matter. Furthermore, Plaintiff has failed to submit evidence that he pursued this grievance through Step III of the grievance process.

    C.  Unidentified Grievance #2

Plaintiff filed this grievance on May 8, 2003, against Dr. Arora (a non-defendant), an unidentified orthopedic surgeon, and Defendant Lange. (Dkt. #1). Plaintiff's Step II grievance only

identifies Dr. Arora and Defendant Olney. Plaintiff has submitted no evidence that he pursued this grievance through Step III of the grievance process.

In sum, as discussed herein, Plaintiff has failed to establish that he exhausted his administrative remedies as to *any* of the claims asserted in his complaint. Accordingly, the Court recommends that Defendants' motion to dismiss be granted and Plaintiff's action dismissed without prejudice.

In the alternative, as discussed below, the Court further recommends that (1) Plaintiff's claims against Defendants Lange and Parkhurst be dismissed for failure to state a claim upon which relief may be granted and (2) Plaintiff's claims against Defendants Olney, Hall, Armstrong, and Jackson be dismissed for failure to timely effect service.

## II.        **Plaintiff has Failed to Timely Effect Service on Several Defendants**

Plaintiff initiated the present action on April 11, 2005. (Dkt. #1). On April 26, 2005, the Court directed that Plaintiff's complaint be served on all Defendants. (Dkt. #3). On June 13, 2005, Plaintiff requested the assistance of the United States Marshal in effecting service on Defendants. (Dkt. #8). On July 12, 2005, the Court granted Plaintiff's request, directing that "[t]he Clerk's Office shall coordinate with the United States Marshal to attempt service of the Summonses and Complaint upon Defendants." (Dkt. #10). On July 25, 2005, the summons directed to Defendant Olney was returned unexecuted. On July 26, 2005, the summonses directed to Defendants Hall, Armstrong, and Jackson were returned unexecuted. In the almost six months since these summonses were returned unexecuted, Plaintiff has failed to seek further assistance from the Court in effecting service on these Defendants.

Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served together with a copy of the complaint." The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, "the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant." If the plaintiff demonstrates good cause for such failure, however, "the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *see also*, *Bush v. City of Zeeland*, 2003 WL 22097837 at *2 (6th Cir., Sep. 5, 2003) (citation omitted).

Considering Plaintiff's lack of diligence in this matter, as well as the fact that effecting service would be futile given Plaintiff's failure to exhaust administrative remedies as to any of the claims articulated in his complaint, the Court recommends that Plaintiff's claims against Defendants Olney, Hall, Armstrong, and Jackson be dismissed without prejudice for failure to timely effect service.

### III.     **Plaintiff has Failed to State a Claim as to Defendants Lange and Parkhurst**

The only allegations which Plaintiff asserts against Defendants Lange and Parkhurst is that they denied a grievance he filed regarding the allegations advanced in his complaint. Such allegations, however, do not merit relief.

Liability in a § 1983 action cannot be premised upon passive behavior or an alleged failure to act, rather liability must be based upon active unconstitutional behavior. *See Salehpour v. University of Tennessee*, 159 F.3d 199, 206-07 (6th Cir. 1998), *cert. denied*, 526 U.S. 1115 (1999). Accordingly, liability in a § 1983 action does not attach based upon allegations that a defendant simply denied a prisoner's grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Lee v.*

*Michigan Parole Board*, 2004 WL 1532563 at *2 (6th Cir., June 23, 2004) ("[s]ection 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act upon information contained in a grievance"); *Alder v. Correctional Medical Services*, 2003 WL 22025373 at *2 (6th Cir., Aug. 27, 2003) ("[t]he mere denial of a prisoner's grievance states no claim of constitutional dimension").

Because Plaintiff has failed to allege facts against Defendants Lange and Parkhurst which if proven would entitled him to relief, the Court recommends that Plaintiff's claims against such Defendants be dismissed.

### IV.       Plaintiff's Motion to Amend

Plaintiff's Petition for Addendum is actually a motion to amend his complaint, as Plaintiff seeks to add additional claims against new defendants, the Michigan Department of Corrections (MDOC) and Correctional Medical Services (CMS). Plaintiff has failed to establish that he has properly exhausted his claims against the MDOC or CMS. Moreover, as discussed above Plaintiff's entire complaint must be dismissed for his failure to exhaust administrative remedies as to all the claims asserted therein. It would, therefore, be futile to permit Plaintiff to amend his complaint. Accordingly, the Court recommends that Plaintiff's motion to amend his complaint be denied as futile. *See Chaz Construction, LLC v. Codell*, 137 Fed. Appx. 735, 739 (6th Cir., May 11, 2005) ("[f]utility is an appropriate basis for denying a motion to amend").

## **CONCLUSION**

For the reasons articulated herein, the Court recommends that Defendants Nancy Lange's and Dr. Douglas Parkhurst's Rule 12(b)(6) Motion to Dismiss, (dkt. #19), be **granted**, Plaintiff's Petition for Addendum, (dkt. #22), be **denied**, and Plaintiff's action **dismissed**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Date:  January 30, 2006             /s/ Ellen S. Carmody
                                    ELLEN S. CARMODY
                                    United States Magistrate Judge